IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN CRAIG WOODARD,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:14CV223**
                                               **(Judge Keeley)**

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

      This case is pending for consideration of the Report and Recommendation ("R&R") of the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 12). When Magistrate Judge Aloi filed his R&R on December 10, 2015, he recommended that the Court grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment (Dkt. No. 12). Thereafter, on December 21, 2015, the plaintiff, Stephen Craig Woodard ("Woodard"), objected to some of the conclusions in the R&R (Dkt. No. 13). The defendant, the Commissioner of Social Security ("the Commissioner"), responded to Woodard's objections on December 29, 2015 (Dkt. No. 14).

      For the reasons that follow, the Court **ADOPTS** the R&R, **GRANTS** the Commissioner's motion for summary judgment, **DENIES** Woodard's

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY    1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

motion for summary judgment, and **DISMISSES** this case **WITH PREJUDICE**.

### BACKGROUND

On August 5, 2011, Woodard filed an application for a period of disability, which the Commissioner denied on November 22, 2011 (Dkt. No. 1 at 1). Woodard requested reconsideration of the initial denial, which was subsequently denied on February 10, 2012. Id. Administrative Law Judge ("ALJ") Theodore Kennedy held an administrative hearing on August 15, 2013, following which he denied Woodard's claim on September 27, 2013. Id.; Dkt. No. 12 at 1. Woodard appealed the ALJ's decision to the Appeals Council, which upheld the decision on November 5, 2014 (Dkt. No. 1 at 1).

On December 31, 2014, Woodard filed suit in this Court, seeking reversal, remand, or modification of the Commissioner's decision (Dkt. No. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). It incorporates by reference Magistrate Judge Aloi's thorough recitation of the facts surrounding Woodard's claim for disability insurance benefits (Dkt. No. 12 at 1-24).

Woodard has argued that the Commissioner committed reversible error in three respects: (1) The ALJ failed to consider all of

2

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**                                    **1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

Woodard's severe impairments in his step three evaluation; (2) the ALJ failed to properly evaluate Woodard's depression and resulting functional limitations; and, (3) the Court should remand the case to the ALJ for reconsideration in light of new evidence from Dr. Thomas Nguyen (Dkt. No. 12 at 24-25).

In the R&R, Magistrate Judge Aloi concluded that Woodard's contentions lacked merit. First, he found that the ALJ properly had considered Woodard's impairments, including hypertension, before concluding that hypertension did not qualify as a listing. <u>Id.</u> at 25. Second, he found that the ALJ had followed the special technique mandated by the Code of Federal Regulations and properly concluded that Woodard's depression was a mild, and not a severe, impairment. <u>Id.</u> at 32. Finally, he concluded that the new evidence from Dr. Nguyen did not require remand because it would not have changed the outcome. <u>Id.</u> at 36. In his objections, Woodard argued that the ALJ committed reversible error by failing to properly evaluate his depression, and that the evidence from Dr. Nguyen is new and material, therefore requiring remand (Dkt. No. 13 at 2, 6).

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

## APPLICABLE LAW

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review de novo any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Because Woodard filed objections, this Court will review de novo those portions of the R&R to which he has objected.

### II. Judicial Review of an ALJ's Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the ALJ's findings are supported by substantial evidence, and whether the ALJ applied the correct law. See 42 U.S.C. § 405(g); Stricker v. Colvin, No. 2:15CV15, 2016 WL 543216, at *1 (N.D.W. Va. Feb. 10, 2016) (Bailey, J.). The Court will uphold an ALJ's findings when supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion."

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc. 80 F.3d 110, 113, (4th Cir. 1996) (quoting Conolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)(internal quotation marks omitted)).

The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See Mayer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). It is the duty of the ALJ, and not of the Court, to make findings of fact and to resolve disputed evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Court does not find facts or try the case de novo when reviewing an ALJ's disability determination. Id. at 599 (citing Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971)).

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

**III. Five-Step Evaluation Process**

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings .

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**                    **1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

> . . and meets the duration requirement, we will find that you are disabled.
> [Before the fourth step, the [residual functional capacity, or RFC] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]
> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2012); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. Richardson v. Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once the claimant meets this burden, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If the ALJ determines that the claimant is either disabled or not disabled at any of the five

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

steps, the process will not move forward. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

**ANALYSIS**

**I. Hypertension**

Woodard claimed in his summary judgment motion that the ALJ erred by failing to consider his hypertension under any of the cardiovascular system listings (Dkt. No. 7-1 at 8). The R&R concluded that the ALJ conducted an adequate evaluation (Dkt. No. 12). Woodard did not object to this conclusion (Dkt. No. 13). Therefore, after careful review, finding no clear error, the Court **ADOPTS** the recommendation in the R&R as to Woodard's first claim regarding his hypertension. See Webb, 468 F. Supp. at 825.

**II. Mental Impairments**

Woodard next contends that the ALJ failed to follow the special technique pursuant to 20 C.F.R. § 404.1520a(b) in determining whether his depression and anxiety were severe impairments (Dkt. No. 7-1 at 9-11). The R&R concluded that the ALJ did follow the special technique, and that any deficiency in the ALJ's analysis was harmless error (Dkt. No. 12 at 32). Woodard objected to this conclusion. He contends that the ALJ failed to

8

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY       1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

discuss any of the psychological evidence in the record (Dkt. No. 13 at 3-5).

Under the special technique, an ALJ "must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b) (2011). If the claimant has a medically determinable mental impairment, "we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings . . . ." Id. The ALJ must then "rate the degree of functional limitation resulting from the impairment(s)" and record findings. Id. The ALJ rates a claimant's degree of functional limitation as none, mild, moderate, marked, and extreme, in four areas: (1) activities of daily living;[1] (2) social functioning;[2] (3) concentration, persistence,

---

[1] Activities of daily living "include adaptive activities such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00(C)(1) (2015). The ALJ assesses the quality of these activities "by their independence, appropriateness, effectiveness, and sustainability." Id.

[2] Social functioning refers to the claimant's "capacity to interact independently, appropriately, effectively, and on a

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

or pace;[3] and, (4) episodes of decompensation.[4] 20 C.F.R. § 404.1520(c)(3)-(4); 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00(C) (2015).

If the claimant's degree of limitation in the first three functional areas is "none" or "mild," and the degree of limitation in the fourth area is "none," the ALJ "will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520(d)(1). The ALJ must "include a specific finding as to the degree of limitation in each of the functional areas . . . ." 20 C.F.R. § 404.1520(e)(4).

---

sustained basis with other individuals." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00(C)(2). The ALJ considers a claimant's "ability to get along with others," cooperative behaviors, consideration for others, awareness of others' feelings, and social maturity. Id.

[3] Concentration, persistence, or pace "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00(C)(3).

[4] Episodes of decompensation "are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning . . . ." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00(C)(4).

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY          1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

If the claimant's mental impairment is severe, the ALJ then determines "if it meets or is equivalent in severity to a listed mental disorder." 20 C.F.R. § 404.1520(d)(2). If the claimant's severe medical impairment neither meets nor is equivalent in severity to any listing, the ALJ then assesses the claimant's residual functional capacity. 20 C.F.R. § 404.1520(d)(3).

Woodard argues that the ALJ "failed to discuss the findings and opinions of this [s]tate agency psychological examiner anywhere in his decision, and in fact, failed to discuss any evidence related to Woodard's mental allegations beyond step two" (Dkt. No. 13 at 4). Of course, "the ALJ is required to consider all of the evidence in the claimant's record when making a disability determination." See O'Halloran v. Barnhart, 328 F. Supp. 2d 388, 391 (W.D.N.Y. 2004)(citing 20 C.F.R. § 404.1520a). Specifically, the ALJ must "show the significant history, including examination and laboratory findings, and the functional limitations that were considered . . . ." 20 C.F.R. § 404.1520a(e)(4).

Here, the ALJ's decision included findings as to the degree of limitation in each of the four functional areas (R. at 14; see 20 C.F.R. § 404.1520(a)(e)(4)). He found that Woodard had mild

11

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY                1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

limitations in activities of daily living, social functioning, and concentration, persistence, or pace (R. at 14). He also found that Woodard had not suffered any episodes of decompensation of extended duration. Id. Indeed, Woodard had reported depression and anxiety, but could function on his medication. Id. The ALJ specified that Woodard "was able to perform activities of daily living, use a cell phone, watch television, and perform some housework." Id. Finally, the ALJ noted that Woodard had reported to the state consultative examiner that he "would get his son ready for school, help him catch the bus, read the newspaper, do light housework, and watch television." Id.

Contrary to Woodard's contention, the ALJ referenced the report of the state psychological examiner, Dr. Hood, when discussing Woodard's daily activities (R. at 14) ("[Woodard] noted to a consultative examiner . . . .")). Woodard has not pointed to – and the Court is unaware of – a requirement that the ALJ exhaustively discuss every piece of the evidence of record when issuing a decision. The ALJ's decision here showed that he considered Dr. Hood's report when rendering his decision; no more is required by the regulation. 20 C.F.R. § 404.1520a(e). For all

12

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

of the reasons discussed, the Court **ADOPTS** the recommendation in the R&R as to Woodard's second claim and **OVERRULES** his objections.[5]

### III. New Evidence

Woodard's final claim is that the new evidence from Dr. Thomas Nguyen that he submitted to the Appeals Council warrants remand (Dkt. No. 7-1 at 11). Magistrate Judge Aloi concluded remand was inappropriate because Dr. Nguyen's report would not change the ALJ's decision (Dkt. No. 12 at 36). Woodard objects to this conclusion, arguing that the new evidence is material to the outcome of the case because it included limitations on his ability to perform work-related activities that were not previously considered by the ALJ (Dkt. No. 13 at 9).

Woodard seeks remand under sentence six of 42 U.S.C. § 405(g). Sentence six provides that the Court can remand the case to the Commissioner for further action "only upon a showing that there is new evidence which is material and that there is good cause for the

---

[5] It is worth noting that the Court does not reach this conclusion based on its "personal parsing of the record," as suggested by Woodard (Dkt. No. 13 at 4). Rather, the Court finds that the ALJ correctly applied the law, and that substantial evidence supported his decision. See Hays, 907 F.2d at 1456.

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).

The United States Court of Appeals for the Fourth Circuit has held that a movant must satisfy four requirements to qualify for sentence six remand: (1) the evidence is "relevant to the determination of disability at the time the application was first filed and not merely cumulative"; (2) the evidence is material, meaning that the Secretary's decision might reasonably have been different had the new evidence been available; (3) the claimant can show good cause for failure to submit the evidence when the claim was before the Secretary; and, (4) the claimant must present to the remanding court a general showing of the nature of the new evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (internal citations and quotation marks omitted). Even if the claimant meets these four requirements, however, the Court need not remand if it concludes, after consideration of the whole record, that substantial evidence supports the ALJ's findings. See Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996) (upholding the ALJ's decision as supported by substantial evidence after considering new evidence presented to the Appeals Council).

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

According to Woodard, the Appeals Council's acceptance and review of Dr. Nguyen's report means that the report satisfies the first and second prong of the Borders test (Dkt. No. 13 at 6).[6] The Appeals Council may consider additional evidence submitted by a claimant if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable probability that the new evidence would have changed the outcome.'" Meyer, 662 F.3d at 705 (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc)).

The Appeals Council accepted Dr. Nguyen's report, thereby signaling that it found the evidence to be new and material. See id. The sole remaining issue thus is whether the Appeals Council's failure to provide a rationale for its decision to deny review was

---

[6] The parties do not dispute that Woodard has met the third and fourth requirements; he was unable to provide the ALJ with Dr. Nguyen's most recent report because it did not exist at that time, and he submitted the report to the Appeals Council, which made it part of the record.

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**                           1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

erroneous because the record did not adequately explain the Commissioner's decision (Dkt. No. 13 at 7). See Meyer, 662 F.3d at 707.

When the Appeals Council denied Woodard's request for review, it noted that it had reviewed the new evidence (R. at 2, 5). Woodard objects that the Appeals Council failed to state its rationale for its decision to deny review, and contends that the Court should remand the case to the ALJ for reconsideration in light of the new evidence (Dkt. No. 13 at 7-8).

The Appeals Council need not articulate its rationale for denying a request for review. Meyer, 662 F.3d at 705-06. So long as the record provides an adequate explanation of the Commissioner's decision, the Appeals Council's declination to explain its denial is not error. See Snider v. Colvin, No. 6:12CV954, 2013 WL 4880158, at *5-6 (S.D.W. Va. Sept. 12, 2013). This Court's role is limited to considering the record as a whole – including the newly submitted medical evidence – and determining whether substantial evidence supports the Commissioner's findings. Id. at 5.

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**            **1:14CV223**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

After a thorough review of the evidence of record, the Court concludes that substantial evidence supports the Commissioner's findings, making remand unnecessary. See id. The ALJ considered medical reports from other doctors who placed stricter limitations on Woodard than did Dr. Nguyen (R. at 222-29, 311-18). Dr. Nguyen opined that Woodard could frequently lift or carry 15 lbs, occasionally lift or carry 25 lbs, stand or walk between 4 to 6 hours in an eight-hour workday, sit 6 hours in an eight-hour workday, frequently balance, and occasionally climb, stoop, crouch, kneel, crawl, reach, and handle (R. at 482-85).

Dr. Pedro Flo, whose opinion the ALJ considered, opined that Woodard could frequently lift or carry 10 lbs, occasionally lift or carry 20 lbs, stand or walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, and never climb a ladder, rope, or scaffold (R. at 311-13). Another doctor, Rabah Boukhemis, opined that Woodard could frequently lift or carry 10 lbs, occasionally lift or carry 20 lbs, stand or walk for six hours in an eight-hour workday, sit for six hours in an eight-hour

17

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**  1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

workday, frequently stoop, kneel, or crouch, and occasionally climb and crawl (R. at 222-24).

Although Dr. Nguyen recommended manipulative limitations not recognized by Drs. Flo and Boukhemis, substantial evidence supports the Commissioner's finding of no disability. This conclusion is supported by the fact that the ALJ did not find Dr. Nguyen's previous opinion to be credible, and assigned it little weight (R. at 17, 380-81). The Court therefore **ADOPTS** the recommendation in the R&R and **OVERRULES** Woodard's objections.

## CONCLUSION

After careful consideration, and for the reasons previously discussed, the Court

1. **ADOPTS** the R&R (Dkt. No. 12);

2. **OVERRULES** Woodard's objections (Dkt. No. 13);

3. **GRANTS** the Commissioner's motion for summary judgment (Dkt. No. 8);

4. **DENIES** Woodard's motion for summary judgment (Dkt. No. 7); and,

5. **DISMISSES** this civil action **WITH PREJUDICE** and **DIRECTS** that it be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

**WOODARD V. COMMISSIONER OF SOCIAL SECURITY**  1:14CV223

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 8], DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 7], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 12]**

The Court **DIRECTS** the Clerk of Court to transmit copies of this Memorandum Opinion and Order to counsel of record, and to enter a separate judgment order.

DATED: February 23, 2016.

>   /s/ Irene M. Keeley
>   IRENE M. KEELEY
>   UNITED STATES DISTRICT JUDGE